894 F.2d 1337
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jack VENTIMIGLIA, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 89-2024.
 United States Court of Appeals, Sixth Circuit.
 Feb. 1, 1990.
 
 Before MILBURN and ALAN E. NORRIS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Petitioner, Jack Ventimiglia, appeals an order of the district court which dismissed his motion to vacate sentence. He now moves for the appointment of counsel. Upon review of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In August 1988, petitioner pleaded guilty to a single count of conspiracy to possess a controlled substance with the intent to distribute in violation of 18 U.S.C. Sec. 846. Pursuant to the Sentencing Reform Act of 1984, 18 U.S.C. Sec. 3551, et seq., he was sentenced to a term of 120 months imprisonment. Petitioner subsequently challenged the validity of that punishment by filing a motion to vacate sentence pursuant to 28 U.S.C. Sec. 2255 in the District Court for the Eastern District of Michigan. In support of his request for that relief, he maintained that his sentence was invalid because: 1) use of the Sentencing Reform Act fixing his punishment constituted an ex post facto application of the law as the conspiracy to which he pleaded guilty had commenced prior to November 1, 1987, the effective date of that statute; and 2) his attorney's failure to raise that claim prior to sentencing was ineffective assistance of counsel. The district court, however, found both of those arguments to be without merit and summarily denied the motion to vacate sentence. Petitioner then filed this appeal.
 
 
 3
 Based upon a careful review of the record, this court concludes that the district court did not err in rejecting petitioner's claim that the imposition of sentence pursuant to the Sentencing Reform Act of 1984 violated the ex post facto clause. United States v. White, 869 F.2d 822, 826 (5th Cir.) (per curiam), cert. denied, 109 S.Ct. 3172 (1989). Accord United States v. Newman, 889 F.2d 88, 94 (6th Cir.1989). In consequence of that conclusion, petitioner's assertion of ineffective assistance of counsel is also without merit. Strickland v. Washington, 466 U.S. 668, 687-88 (1984).
 
 
 4
 Accordingly, the motion for appointment of counsel is denied and the district court's final order is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.